UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus L. Watts, | ) | C/A No.  6:12-1170-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Wayne McCabe, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Marcus L. Watts, brings this action pursuant to 42 U.S.C. § 1983,

alleging that he was subject to excessive force by the defendants and that they were

deliberately indifferent to his medical needs.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation and opines that the plaintiff has failed to exhaust his administrative

remedies and that the defendants' motion for summary judgment should be granted.  The

Report sets forth in detail the relevant facts and standards of law on this matter, and the court

incorporates such without a recitation.

The parties were notified of their right to file specific objections to the Report and

Recommendation.  The plaintiff filed timely objections to the Report.  As an initial matter,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

the plaintiff acknowledges in his objections that he did not file a Step 2 grievance form before filing the complaint in this action as is required under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. Section 1997e(a) (1996)).  *See also Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006).   The plaintiff contends that he did not think he still needed to file a Step 2 grievance because the defendants allegedly had exceeded their time to answer the Step 1 grievance.   These arguments are without merit.

The Magistrate Judge properly notes in his Report that prisoners must exhaust their administrative remedies *prior to* filing suit in federal court challenging prison conditions. Here, the plaintiff's Step 1 grievance was filed on March 12, 2012.  The Warden informed the plaintiff that due to the allegations of excessive force, the grievance had been forwarded to the Division of Investigations.  On May 2, 2012, only 51 days from the date the Step 1 grievance was filed, the plaintiff filed the present action in this court.  The Warden issued his decision denying the Step 1 grievance on July 5, 2012.  At the time the plaintiff filed his complaint in this court, no final determination by the Warden had been made, no substantial delay had occurred, and no Step 2 grievance had been filed.  Thus, it appears the plaintiff has not exhausted his administrative remedies.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated herein by reference.

2

3

Accordingly, the defendant's motion for summary judgment on the issue of exhaustion is granted and plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

June 4, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge